[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties appeared for trial in a limited contested dissolution of marriage action and tried the case to conclusion. The wife, whose maiden name was Sandra Lambert, and the defendant married at Bridgeport, Connecticut on September 2d 1963 . The wife has resided in Connecticut for at least twelve months next preceding the date of the filing of the complaint. In fact, she has lived in Connecticut for most of her life.
The court finds from the testimony that the marriage of the parties has broken down irretrievably. The plaintiff and the defendant have one minor child issue of their marriage, Jennifer Galletti, age 13, born October 31, 1977. No other minor children have been born to the plaintiff wife since the date of the marriage of the parties. Neither party is receiving any aid, support or assistance from the State of Connecticut. The court finds that it has jurisdiction.
The court has listened to the parties and reviewed all the exhibits in the case. In addition, the court has taken into consideration all the statutory criteria set forth in Connecticut General Statutes 46b-81, the assignment of property and transfer of title statute, 46b-82, the alimony statute, 46b-84, support of the minor children, and all other relevant statutory criteria and the financial affidavits of the parties. Accordingly, the court orders as follows:
1. The court hereby grants a dissolution of marriage on the grounds of irretrievable breakdown.
2. Custody of the minor child, Jennifer, is awarded to the wife with reasonable and flexible visitation; by the husband.
3. The husband shall pay to the wife as alimony the sum of $50.00 per week. Said alimony shall terminate upon the happening of the first of the following events:
1. (a) the wife's death;
(b) the wife's remarriage;
(c) the wife's cohabitation under the statute;
(d) the death of the husband.
4. The husband shall pay to the wife as child support under the child support guidelines as stipulated to by the parties the sum of $138.00 per week. The parties have CT Page 9046 stipulated that this amount meets the guidelines.
5. The court finds an arrearage in the current support of $1,600.00. It is ordered to be paid as $10.00 per week payments until paid.
6. The wife is to be paid by the husband the sum of $250.00 for paying the husband's automobile insurance, within thirty (30) days of the date of this decree.
7. The wife and the minor child are to have exclusive occupancy of the premises known as 257 Stevenson Road, Fairfield, Connecticut, until the minor child reaches the age of 18 or is sooner emancipated, and at that time the property is to be sold. If the child is to graduate from high school after her 18th birthday, then the house will be sold after the child has graduated from high school.
 The following expenses are to be paid from the sale proceeds:
a. Brokerage commission, if any.
b. Attorney's fees, if any.
 c. The payment of the presently existing mortgage to CBT as a home equity loan.
 d. The $10,000.00 debt shown on the wife's financial affidavit as the Bankmart collateral loan and on the husband's affidavit as the parents' collateral loan.
e. All other ordinary expenses of the sale, if any.
 f. The net proceeds, after disbursement of a through e above, are to be divided 75 per cent to the wife and 25 per cent to the husband.
8. The contents of the house, except as listed in number 9 below, are to remain in the house until the house is sold at which time the property is to be divided as the parties may mutually agree. If they are not able to agree as to how the furniture and furnishings of the house shall be divided, then those items are ordered sold and the proceeds divided 75 per cent to the wife and 25 per cent to the husband.
9. The husband shall have as his exclusive property the following:
CT Page 9047
a. The coke machine.
b. The pool table.
 c. Tools except those necessary in the ordinary repair and maintenance of the house.
d. The husband's grandmother's dishes.
10. Each party shall pay his or her own debts as shown on their respective financial affidavits except as indicated above.
11. Each of the parties shall keep his or her own personal property free and clear of the other except as otherwise ordered herein.
12. Each party shall continue to drive and to own the automobiles that they are presently driving.
13. The husband shall keep his pension free and clear of the claim of the wife.
This decision is rendered under the authority of Scherr v. Scherr, 183 Conn. 266 (1981). A wage execution is ordered.
EDWARD R. KARAZIN, JR., JUDGE